IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LOREN CHRISTOPHER TARABOCHIA, | CV 03-416-JE |
| Plaintiff, | ORDER |
| v. | |
| CLATSOP COUNTY SHERIFF'S DEPARTMENT, LT. STEVENS, CPL. DAVIS, SGT. HICKS, CPL. MOYER, SGT. HATCHER, DEPUTY MORGAN, JOSH MARQUIS, and DEPUTY HILLARD, | |
| Defendants. | |

**LOREN TARABOCHIA**
SID No. 10072765
777 Stanton Boulevard
Ontario, OR 97914

    Plaintiff, *Pro Se*

**JAMES P. MARTIN**
**KARI A. FURNANZ**
Hoffman, Hart & Wagner, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, OR 97205
(503) 222-4499

1 - ORDER

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 373-2147

       Attorneys for Defendants

**BROWN, Judge.**

Magistrate Judge John Jelderks issued Findings and Recommendation (#106) on March 22, 2005, in which he recommended the Court deny the County Defendants' Motion for Summary Judgment (#31) as to Plaintiff's claims regarding withholding of mail (claim 2), the prohibition against periodicals (claim 6), and the denial of outdoor exercise (claim 10) and grant the remainder of the County Defendants' Motion for Summary Judgment. The Magistrate Judge also recommended the Court grant Defendant Marquis's Motion for Summary Judgment (#59). Finally, the Magistrate Judge recommended the Court grant Plaintiff's Motion for Summary Judgment (#71) with respect to Plaintiff's claim regarding the prohibition against periodicals (claim 6) and deny Plaintiff's Motion for Summary Judgment with respect to the remaining claims. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

Plaintiff and Defendants filed timely objections to the Findings and Recommendation. When any party objects to any

portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982).

This Court has reviewed the pertinent portions of the record *de novo*. The Court notes Plaintiff must have standing to bring a claim challenging the Jail's prohibition of periodicals. To have standing, a plaintiff must show (1) he suffered an "injury in fact," (2) a causal connection exists between the injury and the alleged conduct, and (3) it is likely the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136 (1992). *See also Cent. Ariz. Water Conservation Dist. v. United States Envt'l Prot. Agency*, 990 F.2d 1531, 1537 (9th Cir. 1993). With respect to the injury-in-fact requirement, "a credible threat of harm is sufficient to constitute actual injury for standing purposes, [even if] a statutory violation has [not] occurred." *Cent. Delta Water Agency v. United States*, 306 F.3d 938, 949 (9th Cir. 2002).

Although Plaintiff did not order a periodical before bringing his claim regarding the Jail's prohibition of periodicals, the parties do not dispute the Jail would have

prohibited it from being delivered to Plaintiff's cell if he had done so.  The Court, therefore, declines to require Plaintiff to participate in the futile exercise of ordering a periodical and having it confiscated before the Court finds Plaintiff has standing to bring a claim for denial of access to periodicals in violation of his due process liberty interest.

Accordingly, the Court adopts as modified the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS as modified** Magistrate Judge Jelderks's Findings and Recommendation (#106) and, accordingly:

1. **DENIES** the County Defendants' Motion for Summary Judgment (#31) as to Plaintiff's claims regarding withholding of mail (claim 2), the prohibition against periodicals (claim 6), and denial of outdoor exercise (claim 10)AND **GRANTS** the remainder of the County's Motion for Summary Judgment;
2. **GRANTS** Defendant Marquis's Motion for Summary Judgment (#59); and
3. **GRANTS** Plaintiff's Motion for Summary Judgment (#71) with respect to Plaintiff's claim regarding the prohibition against periodicals (claim 6) and **DENIES**

the remainder of Plaintiff's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED this 15th day of August, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

Tarabochia CV 03-416 O&O.wpd