IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LOREN CHRISTOPHER TARABOCHIA, | CV 03-416-JE |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| CLATSOP COUNTY SHERIFF'S DEPARTMENT, LT. STEVENS, CPL. DAVIS, SGT. HICKS, CPL. MOYER, SGT. HATCHER, DEPUTY MORGAN, JOSH MARQUIS, and DEPUTY HILLARD, | |
| Defendants. | |

LOREN TARABOCHIA
SID No. 10072765
777 Stanton Boulevard
Ontario, OR  97914

      Plaintiff, *Pro Se*

JAMES P. MARTIN
KARI A. FURNANZ
Hoffman, Hart & Wagner, LLP
Twentieth Floor
1000 S.W. Broadway
Portland, OR  97205
(503) 222-4499

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**LEONARD W. WILLIAMSON**
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 373-2147

      Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Motion for Costs (#136). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and awards costs to Plaintiff in the amount of **$1,870.91**.

## BACKGROUND

    On April 1, 2003, Plaintiff Loren Christopher Tarabochia brought this action against Clatsop County, Oregon; numerous County employees; and Josh Marquis, District Attorney for Clatsop County pursuant to 42 U.S.C. § 1983 alleging Defendants violated Plaintiff's First Amendment rights (1) to petition the Court for redress of grievances, (2) to access legal materials, and (3) to exercise his First Amendment rights. Plaintiff also alleged Defendants violated (1) Plaintiff's right to due process under the Fifth and Fourteenth Amendments; (2) Plaintiff's rights under the Eighth Amendment because, among other things, he was denied outside exercise; and (3) Clatsop County Correctional Facility

2 - OPINION AND ORDER

rules pertaining to telephone use, mail, magazines, and papers.

On November 12, 2003, Plaintiff filed an Amended Complaint to clarify his claims.  Plaintiff alleged (1) he was denied access to legal materials, (2) Defendants returned mail that Plaintiff sent to the Court without notice, (3) Defendants denied Plaintiff use of the telephone, (4) Defendants did not allow Plaintiff to receive magazine subscriptions, (5) Defendants denied Plaintiff outdoor exercise, and (6) Defendants placed Plaintiff in solitary confinement in violation of his rights to due process.

On January 26, 2004, and June 4, 2004, respectively, the County Defendants and Defendant Marquis moved for summary judgment on all of Plaintiff's claims.  On June 15, 2004, Plaintiff filed a Cross-Motion for Summary Judgment on all claims.

On March 22, 2005, Magistrate Judge Jelderks issued Findings and Recommendation.  On August 18, 2005, the Court adopted Magistrate Judge Jelderks's Findings and Recommendation and denied the County Defendants' Motion for Summary Judgment as to Plaintiff's claims regarding Defendants' withholding of Plaintiff's mail, Defendants' prohibition against periodicals, and Defendants' denial of outdoor exercise.  The Court granted the remainder of the Motions for Summary Judgment by the County Defendants and Defendant Marquis.  The Court also granted

Plaintiff's Motion for Summary Judgment with respect to Plaintiff's claim regarding Defendants' prohibition against periodicals and denied the remainder of Plaintiff's Motion for Summary Judgment.  In its Order, the Court elaborated as follows:

> Although Plaintiff did not order a periodical before bringing his claim regarding the Jail's prohibition of periodicals, the parties do not dispute the Jail would have prohibited it from being delivered to Plaintiff's cell if he had done so.  The Court, therefore, declines to require Plaintiff to participate in the futile exercise of ordering a periodical and having it confiscated before the Court finds Plaintiff has standing to bring a claim for denial of access to periodicals in violation of his due process liberty interest.

On August 29, 2005, Plaintiff filed an Objection in which he sought reconsideration of the Court's Order affirming the Findings and Recommendation.  The Court granted Plaintiff's Motion for Reconsideration, but adhered to its previous Order.

On October 5, 2005, the Court issued an Order in response to the County Defendants' request for clarification in which the Court noted

> To the extent Plaintiff seeks damages rather than injunctive relief as a remedy for the violation of his constitutional right to receive periodicals, Plaintiff is entitled to an award of nominal damages.  Plaintiff, however, will have to produce evidence at trial of any compensatory damages Plaintiff seeks beyond nominal damages.

On May 26, 2006, the parties entered into a settlement, which provided in pertinent part:

> Neither the monetary payment, nor non-monetary terms below constitute an admission of liability

4 - OPINION AND ORDER

> on the part of the defendants, but are simply
> offered to resolve a disputed claim.
>
> * * *
>
> Mr. Tarabochia contends that his fees and costs
> attributable to this case are $1,870.91. The
> defendants dispute the requested fees and costs.
> The parties have agreed that Mr. Tarabochia will
> file a cost bill with the court, not to exceed
> $1870.91.  Defendants have an opportunity to
> object to the requested costs.  The court will
> determine the appropriate fees and costs, if any,
> to be awarded to Mr. Tarabochia.  Mr. Tarabochia
> will not seek an award of attorney fees.

On June 30, 2006, Plaintiff filed a Motion for Costs.

### STANDARDS

Absent a showing of circumstances not relevant here, an award of costs is generally governed by federal law.  *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum).  Accordingly, the Court finds federal law governs the award of costs in this case.

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United
> States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any
> part of the stenographic transcript necessarily
> obtained for use in the case;
> (3)Fees and disbursements for printing and
> witnesses;
> (4)Fees for exemplification and copies of papers
> necessarily obtained for use in the case;

5 - OPINION AND ORDER

>   (5) Docket fees under section 1923 of this title;
>   (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
>   A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation. The court, however, may not tax costs beyond those authorized by § 1920. *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

## DISCUSSION

Defendants contend Plaintiff was not a prevailing party for purposes of an award of costs and that Plaintiff does not provide sufficient support for an award of costs.

### I.   Prevailing Party

Defendants contend Plaintiff is not a prevailing party for purposes of an award of costs under § 1983 because "although [Plaintiff] received a ruling in his favor as to liability, he needed to come forward at trial with evidence of damages." Defendants did not provide any authority for their assertion that Plaintiff was not a prevailing party for purposes of § 1988 because Plaintiff had not established damages.

42 U.S.C. § 1988 provides: "In any action or proceeding to enforce a provision of section[ ] . . . 1983, . . . the court, in

6 - OPINION AND ORDER

its discretion, may allow the prevailing party, other than the United States, . . . costs." 42 U.S.C. § 1988(b). In *Richard S. v. Department of Developmental Services*, the Ninth Circuit addressed the question whether a plaintiff is a prevailing party under § 1988 when he enters into a settlement agreement. The Ninth Circuit concluded

> a plaintiff 'prevails' when he or she enters into a legally enforceable settlement agreement against the defendant . . . and "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."

317 F.3d 1080, 1086 (9th Cir. 2003)(quoting *Barrios v. Cal. Interscholastic Fed.*, 277 F.3d 1128, 1134 (9th Cir. 2002)). In *Richard S*, the defendants argued the plaintiff was not entitled to attorneys' fees or costs because "plaintiffs . . . obtained nothing of significance" from their action. The Ninth Circuit rejected the defendants' argument and noted:

> [T]he district court found that although the "settlement mandates are significantly less than the relief Plaintiffs sought . . . [they] have achieved greater safeguards against inappropriate transfers to community placements and greater input from various health care professionals into the decisions to transfer consumers and the review by the Superior Court." This factual finding of the district court is not clearly erroneous. Thus, the district court did not abuse its discretion when it found that plaintiffs had "prevailed to a limited extent" and thus achieved relief significant enough to warrant prevailing party status.

*Id.*

7 - OPINION AND ORDER

Here the Court concluded "the Jail's prohibition against receiving periodicals by mail violated plaintiff's First Amendment rights" and granted Plaintiff's Motion for Summary Judgment as to this claim.

In addition, the Settlement Agreement in this case provides in pertinent part:

> 1. Outdoor recreation: The County will provide inmates with regular access to outdoor recreation, unless an individual poses a security risk . . . .
>
> 2. Mail: The County agrees to provide inmate with notice when mail is returned as "non-deliverable" and the reason for the designation of "non-deliverable" . . . .
>
> 3. Books and Periodicals: Inmates are allowed to have three (3) paperback books or magazines per inmate in their cells . . . .

Like the plaintiff in *Richard S.*, Plaintiff here achieved greater outdoor exercise and book privileges as well as greater safeguards for inmate mail through a legally enforceable Settlement Agreement with the County. The Court, therefore, concludes Plaintiff is a prevailing party in this matter within the meaning of § 1988.

## II. Award of Costs

Defendants object to Plaintiff's requested costs on the

ground that he has not adequately supported his request for copying costs.

To support his request for copy costs, Plaintiff produced copies of his "canteen" account, which showed a zero balance as of February 2004 and $1,385.10 incurred in copying advances from February 2004 until the parties settled this matter. In addition, the Court notes the many filings by both parties; the Clatsop County Correctional Facility charge of $.50 per page; and the fact that between February 2004 and the time of the Settlement Agreement, Plaintiff only filed pleadings with copied materials in this particular case. The Court also notes Plaintiff, because of his inmate status, is not able to produce the kind of receipts for copying charges that are usually produced by prevailing parties to support their requests for copying costs.

Under these circumstances, the Court concludes Plaintiff has made a sufficient showing to support his request for copying charges, and, therefore, these costs are recoverable under § 1920.

### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion for

9 - OPINION AND ORDER

Costs (#136) and awards costs to Plaintiff in the amount of **$1,870.91**.

IT IS SO ORDERED.

DATED this 23rd day of October, 2006.

                                         /s/ Anna J. Brown
                                       ANNA J. BROWN
                                       United States District Judge